J-S38044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN HARLEY ZUBER | |
| Appellant | No. 2973 EDA 2015 |

Appeal from the Judgment of Sentence November 1, 2013
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0004397-2012

BEFORE:  FORD ELLIOTT, P.J.E., OLSON, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED JULY 15, 2016**

Appellant Stephen Harley Zuber ("Appellant") appeals from the November 1, 2013 judgment of sentence entered in the Lehigh County Court of Common Pleas following his bench trial convictions for criminal attempt – homicide,[1] aggravated assault,[2] firearms not to be carried without a license,[3] and endangering the welfare of a child ("EWOC").[4]  Appellant's counsel has

_____

[1] 18 Pa.C.S. § 901.

[2] 18 Pa.C.S. § 2702.

[3] 18 Pa.C.S. § 6106.

[4] 18 Pa.C.S. § 4304.

filed an **Anders**[5] brief, together with a petition to withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On the evening of August 31, 2012, Appellant's girlfriend, Ashley Johnson ("Victim"), thinking Appellant was out purchasing drugs, left their shared residence in her car and drove about the neighborhood in search of Appellant. The couple's five-year-old son was in the car with Victim. Not finding Appellant, Victim and the child returned to the home where Appellant was waiting on the front porch.

Victim parked her car across the street and exited to shout to Appellant that she and the child were going to stay elsewhere for the night. Angered, Appellant approached the vehicle and pleaded with Victim to leave the child with him. Victim refused and locked herself and the child in the vehicle. Appellant continued to plead with Victim, and then punched the driver's side window of the car. Victim turned to find her keys so she could start the car and leave the area. When she turned back to look at Appellant, she saw he had a gun. Appellant then shot Victim twice.

Bleeding from two gunshot wounds to her arm and chest,[6] Victim exited the car and went across the street to find help. She turned and saw

---

[5] **Anders v. California**, 386 U.S. 738 (1967).

[6] Victim remained in the hospital for three days following the shooting. Medical personnel were ultimately unable to remove the bullet that remains
*(Footnote Continued Next Page)*

Appellant again pointing the gun at her. She pleaded with him not to shoot, and he told her, "it doesn't matter anymore. I'm already going to jail." Victim ran into a nearby home and called 911. Ultimately, the police arrived and took Victim to the hospital.

In the meantime, Appellant removed his son from the vehicle and took him to their house. Police arrived at the residence and, seeing Appellant was armed, called in an emergency response team. Noticing the police presence outside his house, Appellant gathered several weapons from around the home.

After an hour-long standoff, Appellant went outside to speak with police. The police urged Appellant to release his son and hand himself over. Appellant refused and informed the police that if they attempted to enter his home, he would "shoot first and ask questions later." After a second hour of standoff, police forcibly removed Appellant's son and placed Appellant under arrest.

Appellant proceeded to a bench trial on September 17-19, 2013, at the conclusion of which the trial court found Appellant guilty on the aforementioned charges. After the preparation of a pre-sentence investigation report, on November 1, 2013, the trial court sentenced Appellant to an aggregate sentence of 20 to 40 years' incarceration.

_(Footnote Continued)_ ————————

in her chest. Victim suffered pain and physical limitations for months after the incident.

Specifically, the trial court sentenced Appellant to 16½ to 33 years' incarceration on the attempted homicide conviction, 1½ to 3 years' incarceration on the firearms not to be carried without a license conviction, and 2 to 4 years' incarceration on the EWOC conviction.[7]

Appellant filed a post-sentence motion challenging the sufficiency of and weight of the trial evidence and, in the alternative, requesting reconsideration of the sentence. After conducting a hearing, the trial court denied Appellant's post-sentence motion on March 12, 2014. Appellant did not file a direct appeal.

Appellant subsequently filed a *pro se* motion pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, seeking the reinstatement of his direct appeal rights. On September 2, 2015, the PCRA court granted the PCRA petition, and Appellant's appointed counsel filed a notice of appeal on September 30, 2015.

On October 1, 2015, the trial court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On November 16, 2015, counsel filed a notice of intent to file an ***Anders*** brief with this Court pursuant to Pa.R.A.P. 1925(c)(4).[8] On

---

[7] The remaining convictions merged for sentencing purposes.

[8] In response to this notice, on November 18, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion indicating it would not address any appellate issues.

- 4 -

December 7, 2015, counsel filed the **Anders** brief together with an application to withdraw as counsel. Appellant filed no further submissions either *pro se* or through privately-retained counsel.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[9] Before addressing the merits of Appellant's underlying issues presented, we must first pass on counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of

---

[9] 978 A.2d 349 (Pa.2009).

the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Palm*, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the *Anders* brief. The petition states counsel's determination that no non-frivolous appellate issues exist. *See* Petition to Withdraw As Counsel, ¶ 6. The petition further explains that counsel notified Appellant of the withdrawal request and forwarded a copy of the brief to Appellant together with a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any additional points or arguments that Appellant believed had merit. *See id.* at ¶¶ 8-9; *see also* Letter to Appellant, January 25, 2016.[10] In the *Anders* brief, counsel provides a

_____

[10] Counsel originally forwarded a copy of the *Anders* brief to Appellant as an enclosure to a December 7, 2015, letter that explained Appellant had the right to proceed *pro se* or with privately-retained counsel if this Court allowed counsel to withdraw. *See* Letter to Appellant, December 7, 2015. This Court issued a *per curiam* order on January 19, 2016 explaining that counsel had improperly framed Appellant's ability to respond to counsel's motion to withdraw and the *Anders* brief as contingent on this Court's grant of counsel's motion to withdraw. *See* Order, January 19, 2016. Counsel
*(Footnote Continued Next Page)*

summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issue raised on appeal, provides citations to relevant case law, and states his conclusion that the appeal is wholly frivolous and his reasons therefor. **See** **Anders** Brief, pp. 6-7. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

The **Anders** brief raises claims challenging the sufficiency and weight of the evidence, as well as claims that the trial court improperly sentenced Appellant. **See Anders** Brief, pp. 9-26.[11] As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we review this appeal based on the issues of arguable merit raised in the **Anders** brief.

First, Appellant challenges the sufficiency of the evidence proffered by the Commonwealth to convict him of attempted homicide, aggravated assault, firearms not to be carried without a license, and EWOC. **See** **Anders** Brief, pp. 9-17.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

*(Footnote Continued)* ————————————————

sent Appellant a second letter on January 25, 2016, explaining his error and instructing Appellant that he had the current right to pursue the appeal *pro se* or with privately-retained counsel. **See** Letter to Appellant, January 25, 2016.

[11] The **Anders** brief does not include a statement of the issues raised on appeal as required by Pa.R.A.P. 2116. However, these issues are easily discernable from the body of the argument portion of the brief.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super.2011), *appeal denied*, 32 A.3d 1275 (Pa.2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super.2005)).

Appellant was convicted of the following statutorily defined crimes:

**§ 901. Criminal attempt**

**(a) Definition of attempt.--**A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S. § 901.

**§ 2702. Aggravated assault**

**(a) Offense defined.--**A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly

- 8 -

under circumstances manifesting extreme indifference to the value of human life[.]

18 Pa.C.S. § 2702.

**§ 6106. Firearms not to be carried without a license**

**(a) Offense defined.--**

(1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106.

**§ 4304. Endangering welfare of children**

**(a) Offense defined.--**

(1) A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

18 Pa.C.S. § 4304.

Here, viewing all of the evidence in the light most favorable to the Commonwealth, there was sufficient evidence for the court to find that Appellant used a unlicensed handgun to inflict injury on a vital part of Victim's body while Victim sat in the front seat of a vehicle in which Appellant's and Victim's 5-year-old son was also present. Thus, there was sufficient evidence to enable the fact-finder to find every element of Appellant's crimes beyond a reasonable doubt. We agree with counsel that a challenge to the sufficiency of the evidence would be frivolous.

Next, Appellant alleges the trial court erred by denying his post-sentence motion for a new trial based on the allegation that the guilty verdicts were against the weight of the evidence. *See Anders* Brief, pp. 17-20. Effectively, Appellant claims that the trial court should have believed his testimony that he accidentally shot Victim. *See id.*

The denial of a new trial based on a lower court's determination that the verdict was not against the weight of the evidence is one of the least assailable reasons for granting or denying a new trial. *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa.2013). This Court reviews weight of the evidence claims pursuant to the following standard:

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa.2000) (internal citations, quotations, and footnote omitted).

Stated differently, a court may award a new trial because the verdict is against the weight of the evidence only when the verdict is so contrary to the evidence as to shock one's sense of justice,[12] "such that right must be given another opportunity to prevail." **Commonwealth v. Goodwine**, 692 A.2d 233, 236 (Pa.Super.1997). Moreover, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence. **Widmer**, 744 A.2d at 753. When reviewing the trial court's determination, this Court gives the gravest deference to the findings of the court below. We review the court's actions for an abuse of discretion. **Id.**

Simply stated, the trial court's verdict in this matter illustrates that the trial court found the witness testimony regarding Appellant's conduct prior to, during, and after the shooting, coupled with expert police testimony explaining that the unlikeliness of the gun discharging accidentally to be

---

[12] This Court has explained the notion of "shocking to one's sense of justice" as follows:

> When the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

**Commonwealth v. Davidson**, 860 A.2d 575, 581 (Pa.Super.2004) (internal citations and quotations omitted).

more credible than Appellant's testimony to the contrary. Our review of the trial transcript reveals the trial court did not abuse its discretion in denying a new trial based on the weight of the evidence. Accordingly, Appellant's weight of the evidence claim fails.

Finally, Appellant's sentencing challenges also lack merit.

First, Appellant argues his sentence imposed for attempted homicide was illegal because it exceeded the 20-year maximum for first-degree felonies. **See Anders** Brief, pp. 21-23.

Primarily, we observe:

> "A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction." **Commonwealth v. Borovichka**, 18 A.3d 1242, 1254 (Pa.Super.2011) (citation omitted). It is also well-established that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa.Super.2014) (citation omitted). "An illegal sentence must be vacated." **Id.** "Issues relating to the legality of a sentence are questions of law[.] . . . Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Akbar**, 91 A.3d 227, 238 (Pa.Super.2014) (citations omitted).

**Commonwealth v. Wolfe**, 106 A.3d 800, 801-02 (Pa.Super.2014).

Ordinarily, a conviction for a first-degree felony carries with it a statutory maximum penalty of 20 years. **See** 18 Pa.C.S. § 1103(1). However, the Crimes Code further provides in section 1102 regarding murder and attempted murder:

> Notwithstanding section 1103(1) (relating to sentence of imprisonment for felony), a person who has been convicted of attempt, solicitation or conspiracy to commit murder, . . . where

serious bodily injury results may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years. Where serious bodily injury does not result, the person may be sentenced to a term of imprisonment which shall be fixed by the court at not more than 20 years.

18 Pa.C.S. § 1102(c).

Implicit to his challenge to the legality of the sentence, Appellant challenges the sufficiency of the evidence as it relates to the court's finding of serious bodily injury. *See Anders* Brief, pp. 21-22. The Crimes Code defines "serious bodily injury" thusly:

Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

18 Pa.C.S. § 2301. This Court has found a broken jaw and a broken nose to constitute serious bodily injuries. *See Commonwealth v. Nichols*, 692 A.2d 181 (Pa.Super.1997) (broken jaw); *Commonwealth v. Caterino*, 678 A.2d 389 (Pa.Super.1996) (broken nose).

Here, that Victim suffered serious bodily injury cannot be reasonably argued, with or without medical testimony. Victim suffered gunshot wounds to the arm and the chest. She suffered prolonged pain and limitations as a result of these injuries. Appellant's argument that expert testimony was required to illustrate that Victim suffered serious bodily injury as a result of being shot twice is unconvincing. Determining whether a bullet wound to the chest presents a serious bodily injury does not require expert testimony. *See Commonwealth v. Robertson*, 874 A.2d 1200, 1207 (Pa.Super.2005) (noting that laymen can conclude without expert testimony that the head,

neck, and stomach are vital areas of the human body). Thus, there was sufficient evidence for the trial court to find Victim suffered serious bodily injury. Accordingly, the trial court properly sentenced Appellant pursuant to 18 Pa.C.S. § 1102(c), and the sentence is not illegal.

Likewise, the trial court did not abuse its discretion in sentencing Appellant.

"Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super.2015), *appeal denied*, 126 A.3d 1282 (Pa.2015). Before this Court can address such a discretionary challenge, an appellant must satisfy the following four-part test:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.* "The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Fiascki*, 886 A.2d 261, 263 (Pa.Super.2005). "Generally, however, in order to establish a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa.Super.2003).

Here, Appellant filed a timely notice of appeal and preserved his issues in a motion for reconsideration of sentence. Appellant's brief does not include a statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). However, because this is an *Anders* brief, we will overlook this deficiency and determine whether Appellant has raised a substantial question for review and, if so, proceed to a discussion of the merits of the claim. *See* Pa.R.A.P. 2119(f); *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa.1987).

"A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the [sentencing] code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa.Super.2013) (internal citations omitted); *see also* 42 Pa.C.S. § 9781(b). "We determine whether a particular case raises a substantial question on a case-by-case basis." *Id.* A bald or generic assertion that a sentence is excessive does not, by itself, raise a substantial question justifying this Court's review of the merits of the underlying claim. *Id.*; *see also Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa.Super.2013). Additionally, a claim that a sentence is unreasonable because the trial court decided to run certain portions of it consecutive to one another also does not raise a substantial question for our review. *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa.Super.2005) (a claim

that the consecutive nature of sentences violates the Sentencing Code fails to raise a substantial question for review).

Further, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." ***Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa.Super.2013); ***see also Commonwealth v. Ratushny***, 17 A.3d 1269, 1273 (Pa.Super.2011) ("argument that the sentencing court failed to adequately consider mitigating factors in favor of a lesser sentence does not present a substantial question appropriate for our review."); ***Commonwealth v. Ladamus***, 896 A.2d 592, 595 (Pa.Super.2006) ("[A]ppellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim."). However, a challenge to the consecutive imposition of sentences as unduly excessive together with a claim that the court failed to consider mitigating factors does present a substantial question. ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa.Super.2015).

Here, Appellant alleges that the trial court imposed an unduly harsh sentence by imposing consecutive sentences without adequately considering

certain mitigating factors.[13]  ***See Anders*** Brief, 23-24.  Based on the above authority, we conclude that Appellant raises a substantial question for review.  ***See Swope***, ***supra***.  We will therefore address the merits of Appellant's discretionary aspects of sentencing claim.

We review discretionary aspects of sentence claims under the following standard of review:

> If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion.  An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will.  It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa.Super.2006) (citations omitted).

Where a sentencing judge had the benefit of a presentence investigation report, it is presumed that the judge was aware of all relevant information regarding mitigating factors and the defendant's character and weighed those considerations along with any mitigating factors. ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super.2010); ***see also Commonwealth v. Boyer,*** 856 A.2d 149, 154 (Pa.Super.2004).  Further, it is well-settled that the trial court may determine, based on the facts of the

---

[13] Specifically, Appellant alleges as mitigating factors his difficult childhood, need for mental health treatment, and his lack of criminal history.  ***See Anders*** Brief, p. 24.

case, whether to impose a sentence consecutively or concurrently to another sentence being imposed. ***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super.2009); ***see also Commonwealth v. Pettersen***, 49 A.3d 903, 912 (Pa.Super.2012) (appellant not entitled to a "volume discount" for multiple offenses).

Our review of the sentencing transcript reveals that the lower court did not abuse its discretion. Instead, the trial court imposed a sentence that was consistent with the protection of the public, took into account the gravity of the offense as it related to the impact on the life of the victim and on the community, and considered the Appellant's rehabilitative needs, as required by 42 Pa.C.S. § 9721(b).

In imposing sentence, the trial court considered the sentencing guidelines, the pre-sentence investigation report, the circumstances of the crimes, the arguments of counsel, the testimony of the Victim, the testimony of the investigating police detective, and the testimony of Appellant himself. N.T. 11/1/2013, pp. 3-17. The trial court then sentenced Appellant to a standard range sentence, which the court explained as follows:

> My reasons for the sentence, even though these are standard range sentences, . . . You do have a history of prior domestic violence, albeit just one case, but you do have that - - so history of prior domestic violence; you shot your child's mother in front of your child; you failed to get aid for your child's mother after you shot her - - and I don't want this written in here, but I remember at the time you testified you said it was accidental which raises the question why wouldn't you go and get aid if you did it accidentally. You created a dangerous condition for other

people in the neighborhood; and you created a hostage situation by using your three year old child as a human shield.

*Id.* at 28.  We find no abuse of discretion in the trial court's sentencing.

Given the foregoing, Appellant's sufficiency of the evidence, weight of the evidence, and sentencing claims would all fail.  Accordingly, we agree with counsel that Appellant's claim is wholly frivolous.  Moreover, our independent review of the record has revealed no other preserved issues of arguable merit.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.  Petition to withdraw as counsel granted.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2016